BRYAN *et al. vs.* THE STATE OF GEORGIA.

62  179
87  551

1. Where burglary and larceny were committed together, the prisoner's possession of the stolen property (wheat) twelve days thereafter, if not satisfactorily explained, would be a circumstance to be considered on his trial for the burglary. In order for the possession, though after such a lapse of time, to be of no weight as a fact tending to prove guilt, it would have to be accounted for. The prisoner would not be relieved from the burden of explaining it, if he wished to rid himself entirely of its effect in its due connection with other circumstances.
2. There was no abuse of discretion in refusing a new trial.

BLECKLEY, Justice.

---

FIELD *et al. vs.* WILLINGHAM *et al.*

This court will not control the discretion of the chancellor in refusing to grant an injunction, and remove a cause pending at law in the county of Gordon to the chancery side of the court in Whitfield, when there has been great delay in bringing the bill and asking the injunction; and when the common law case consists of money rules pending against the sheriff of Gordon county, which are themselves in the nature of equitable proceedings; and when it is apparent, from a consent rule agreed upon and entered on the minutes of Gordon superior court by the defendants, that one case may decide the several issues and avoid a multiplicity of suits; and when the pleadings may be so framed at law, and a verdict and decree so rendered, as to do complete justice without changing the venue from the county where the cause is pending to another, or the forum from the common law to the equity side of the court.

JACKSON, Justice.

---

JOHNSON *et al. vs.* THE STATE OF GEORGIA.

62c  179
103  552

That the prosecutor was a member of the grand jury which found the bill, is not good in arrest of judgment. The objection thus presented comes too late.

WARNER, Chief Justice.