CROOM *v.* THE STATE.

1. The motion for a new trial not showing on what ground or grounds some of the evidence was objected to, or that any ground was stated to the court at the time the objection was made, the admission of the evidence over objection is not reviewable by the Supreme Court.
2. On the trial of a colored man for murder, it is not competent for him to prove that it was a general report in the neighborhood that the deceased was with a party who had shot " the negroes at Hillsdale," and that he, the accused, had heard the report, and hence afterwards, when he committed the homicide, had grounds for reasonable fear of the deceased. Nor is it competent to prove the general character of a third person for violence towards colored people, and that this third person was one of the posse with the deceased at Hillsdale on the night when " the negroes were shot."
3. Generally what the court says in stating to counsel the reason for denying a motion to exclude or rule out evidence is, if pertinent to the question raised by counsel, not error, although the reason given involve a statement as to certain testimony which is already in, or as to there being nothing in evidence showing that the circumstances are as the counsel claim.
4. Counsel for the accused having in his argument to the jury read and commented upon the opinion of the Supreme Court as delivered in the same case on a previous writ of error, the State's counsel could in reply read and comment upon the opinion and put his own construction on its language and import. But it was improper for him to eulogize the justice who delivered it and endeavor to impress upon the jury the personal or official merits and character of such justice; and the presiding judge, without

any request from opposing counsel, ought to have interposed and prevented such irrelevant and unnecessary discussion. The failure to do so might, in a doubtful case, be cause for a new trial; but it cannot be regarded as entitling the accused to a new trial absolutely, without respect to the substantial merits of the case, for in that event the accused or his counsel ought to have moved to withdraw the case from the jury and declare a mistrial, which was not done.

5. Construing together the whole charge of the court, there was no material error in that part of it which instructed the jury as follows: "I charge you that Hamlin had the right to go in the house, and that he also had the right, when this defendant came in sight, to halt him and make him surrender and submit to the arrest. Even if he pointed the gun at him, he would have a perfect right to present the gun at the defendant, if he was a fugitive from justice, and if he was charged with a felony, he would have the right to present the gun at him and order him to submit to the arrest." As an abstract statement of the law, these instructions would not be accurate without proper qualification as to the necessity for entering the house and presenting the gun, but in view of the facts in evidence, and of certain instructions which the court gave as to conditions which would justify the homicide, the generality of the above recited language was not misleading.

6. The evidence warranted the verdict, and there was no error in denying a new trial. LUMPKIN, Justice, concurring *dubitante*.
August 27, 1893.

Criminal law. New trial. Murder. Practice. Evidence. Charge. Before Judge BOWER. Worth superior court. October term, 1891.

Croom was found guilty of the murder of Hamlin. Upon a second trial the verdict was the same as before, and a motion for new trial was overruled. The motion contained the following grounds:

1. The court erred in allowing, over objection of defendant, one Hargard to testify as to what occurred between him and Croom a week after the shooting of Hamlin. The testimony was a statement of the particulars of the arrest of Croom, which was made by Hargard, and mainly as to resistance offered by Croom and his attempt to shoot Hargard and another who were trying to arrest him. The motion does not state what objection was made at the time the testimony was offered, but states

that defendant contends that the evidence was improperly admitted, for various reasons set forth.

2. The defendant offered to prove that it was a general report in the neighborhood that Hamlin was with the party who shot the negroes at Hillsdale. Counsel stated that he proposed to show that defendant had heard the same, and that it was intended to show that he had grounds for reasonable fears of Hamlin. The court refused to allow the evidence, and stated that there was a witness present who swore that Hamlin was not there and swore where Hamlin was at the time. And the court refused to allow defendant to prove the general character of Jake Young for violence toward colored people, as he was one of the posse with Hamlin at Hillsdale the night the negroes were shot, this being a reason offered by defendant for reasonable fears of Hamlin.

3. Counsel for defendant moved to rule out the evidence of Hargard, and stated that he had just been informed that the facts were different from those as testified to by Hargard, that he had been informed that Croom had been shot at on that occasion with a gun and pistol before he fired at Hargard, that they had not been put on notice that that occurrence would be brought in and were not prepared to rebut it; and moved to rule out the testimony of Hargard about the circumstances of attempting the arrest, insisting that the circumstances of the arrest of Croom were not as Hargard claimed them. The court stated that he already admitted the evidence over the objection of defendant's counsel, that counsel claiming the circumstances to be a certain way was no reason under the law to exclude the testimony, that counsel could claim them to be any way he desired them to be, but the sworn testimony of the witnesses as to the real circumstances would govern instead of the claims of the counsel, and that no evidence had

come to the court that the circumstances were as defendant's counsel claimed. In a note to this ground the court states that defendant's counsel did not offer to put in testimony to prove the facts as claimed, nor was he prevented from doing so; and that is what was meant by the court. Besides, the court charged the jury very explicitly as to the effect of this evidence.

4. In the concluding argument counsel for the State read to the jury the former decision in this case by the Supreme Court, which had been previously read to the jury by the defendant's counsel, and appealed to the jury to convict defendant, and stated that he felt that he was right before this decision, but since the decision was made he knew it, because Judge BLECKLEY, Chief Justice of the Supreme Court, and one of the greatest and best men living, published to the world in this book and in this decision said to him: "Pope, you are right; this man is guilty; and if the court don't make some mistake in the charge to you, the jury, and that you, gentlemen of the jury, will find defendant guilty, that verdict will stand." This was in reply to defendant's counsel's argument on that decision. Defendant objected, but not until after it had been concluded, and asked the court to correct the same; and the court stated to the jury that they would judge of the whole decision rendered by the Supreme Court in its application to the case, and not parts of it; that defendant's counsel had also read the decision to the jury, and commented on it as favorably as he wished to the defendant. The court also charged the jury that they were the judges of the law of that decision, and that they would consider the whole decision and judgment as applicable to this case. Defendant insists that this was unfair, illegitimate argument, and injured him.

5, 6. The remaining grounds are, that the court erred

v 90-28

in charging as shown by the fifth head-note; and that the verdict was contrary to law and evidence.

J. W. WALTERS, for plaintiff in error.

W. A. LITTLE, attorney-general, W. N. SPENCE, solicitor-general, and D. H. POPE, *contra*.

BLECKLEY, Chief Justice.

The official report sets forth all the facts requisite to an adequate comprehension of the various special points ruled in the head-notes. Touching the general grounds of the motion for a new trial, it is enough to say that the evidence showed with full legal certainty that the killing was murder. In all material respects the evidence on the second trial was substantially the same as on the first. In reviewing the first trial this court felt no dissatisfaction with the verdict itself. The grant of a new trial was based exclusively upon error committed by the presiding judge. *Croom* v. *The State*, 85 *Ga.* 718. The second trial was free from any error sufficiently material to require, or even to justify another trial in so plain a case.

The eulogy of the Chief Justice indulged in by one of the counsel for the State, even had it been less exaggerated and extravagant, or more deserved, was out of time and out of taste. The subject of it condemns it as a gross irrelevance to the matter in hand at the trial, and his associates both fully agree with him. He is far from being indifferent to compliment or praise, but his sense of justice and propriety repels with moderate indignation all praise accorded him, however sincere, which has for its object the influencing of juries in deciding cases. There is not a shadow of legitimacy in the use of such means for such an end. No doubt the presiding judge, without any request from the accused or his counsel, ought to have interposed and cut short, or wholly prevented, the improper and irrelevant declamation of the State's advocate; and were the guilt

of the accused doubtful, the failure to do so might be good cause for a new trial. But we think it affords no absolute right to a new trial irrespective of the substantial merits of the case. For it to have this effect, there should have been a motion to withdraw the case from the jury and declare a mistrial. By failing to make such a motion and by going on with the pending trial without objection, thus taking the chance of acquittal, the accused may fairly be held to have waived his right to complain.

On the whole, a majority of this court are thoroughly convinced that no error was committed in overruling the motion for a new trial; and though one member of the court entertains some doubt, he concurs in the judgment of affirmance.                    *Judgment affirmed.*