## O'DELL *v.* THE STATE.

1. A charge that a reasonable doubt is one that is based "upon some ground in the testimony or the want of testimony," and that if the jury have not "a doubt of that gravity," they should convict, is not erroneous.

2. While the charges on the subject of impeachment may have been in some respects inaccurate, they furnish no reason for reversing the judgment refusing a new trial.

3. The allowance of leading questions is within the discretion of the court.

4. The public is interested in having all trials conducted in an orderly and proper manner, and the presiding judge, as the representative of the public and the exponent of the law, has conferred upon him the high privilege to act of his own motion at any time it may be necessary to preserve the dignity of the court and the rights of the parties.

5. The failure of the court to interpose of its own motion in case of impropriety in its presence will not generally be a sufficient reason to set aside a verdict at the instance of a party, when no objection to the impropriety was made pending the trial, and no ruling in reference thereto was invoked from the court.

6. A new trial will not be granted because of improper remarks made by counsel, when it does not distinctly appear from the record that the remarks were heard by the court, and when no objection was made by the opposite party and no action of the court invoked in reference to the remarks.

7. The evidence warranted the verdict, and no reason appears for reversing the judgment refusing a new trial.

                    Argued April 22, — Decided May 10, 1904.

Indictment for maintaining policy-lottery. Before Judge Barrow. Motion for new trial overruled by Judge Cann. Chatham superior court. February 3, 1904.

*Garrard & Meldrim* and *R. L. Colding*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

COBB, J.. The accused was convicted of operating what is known as a "policy lottery." His motion for a new trial was overruled, and he excepted.

1. Exception is taken to the following charge: "A reasonable doubt is not any doubt which may visit the mind of a juror during the investigation of a case and in making up his verdict. A mere passing hesitation of the mind, if it is not of such gravity as to amount to a reasonable doubt, will not justify a juror in finding the defendant not guilty. If the testimony satisfies him of the guilt of the defendant, beyond a reasonable doubt, he should [find] the defendant guilty. A reasonable doubt is one that is

based upon some ground in the testimony or the want of testimony in the case. When a juror has that sort of doubt, he ought to acquit. But if he has not a doubt of that gravity, he ought to convict, if the testimony satisfies him of his guilt beyond a reasonable doubt." The complaint is that the judge restricted the source from which a reasonable doubt may arise to "some ground in the testimony or the want of testimony;" and error is also assigned upon the use of the words "a doubt of that gravity." Charges that reasonable doubt should arise from the testimony or from the lack of testimony have been often approved. *Long* v. *State*, 38 *Ga.* 492 (8); *Butler* v. *State*, 92 *Ga.* 601 (2); *O'Dell* v. *State*, 95 *Ga.* 335 (4). It is not even necessary to state that a reasonable doubt may arise from the prisoner's statement, when the jury are instructed generally as to the weight to be given to that statement. *Walker* v. *State*, 118 *Ga.* 34 (1). The expression "doubt of that gravity," when construed in connection with the other portion of the charge, evidently means the kind of a doubt previously defined, that is, a reasonable doubt growing out of the testimony or want of testimony. The weakness, uncertainty, general unreliability of the evidence, and the manner, appearance, demeanor, and interest of a witness may engender a doubt as to whether he ought to be believed; but if the jury determine that he is worthy of credit, they should convict, if satisfied beyond a reasonable doubt, from such evidence as has been introduced before them, that the prisoner is guilty. Taking the charge as a whole, we see no error in it.

2. Complaint is also made of charges on the subject of impeachment. The judge charged that if a witness had been shown to have made before the grand jury statements which were "inconsistent with and contradictory to" the statements made on the trial, it would be for the jury to say whether or not his credibility had been destroyed. The assignment of error is upon the use of the words "inconsistent with." As these words were connected with the words "contradictory to" by the conjunction "and," it is evident that the judge used them in the sense of opposed to or contradictory to, and did not intend to say that mere inconsistency would be a sufficient reason for rejecting the testimony. Another charge on this subject, after giving the different modes of impeachment, was that if a witness "has not been impeached when

attacked in either one of those modes, or more, his testimony ought not to be disregarded capriciously." It is contended that this charge gave the jury too much latitude, and that there was no evidence to warrant a charge on the subject of impeachment in modes other than the three statutory methods which had been previously adverted to by the judge. It is so apparent that what the judge intended to say was, in one or more of those modes, that it is hard to conceive how an intelligent juror could have been misled by the transposition of the words. Error is further assigned upon a charge to the effect, that the jury should not impute perjury to an unimpeached witness; the complaint being that this was in effect an instruction that the jury should impute perjury to an impeached witness. This of course is not true, because, as counsel state, a witness may be absolutely impeached by proof of general bad character, and yet his testimony be entirely true. If, however, this court should reverse, the judgments of trial judges, not only for what they say, but also on account of every negative pregnant involved in their statements, scarcely any judgment could be affirmed. It is sufficient to say that this assignment of error is wholly without merit.

3 One ground of the motion complains of the allowance of certain leading questions. This was in the discretion of the court. *Cochran* v. *State*, 113 *Ga.* 737 (9); *Ga. R. Co.* v. *Churchill*, Id. 14 (2), and cit.; *Rusk* v. *Hill*, 117 *Ga.* 723 (7).

4–6. Complaint is made that the solicitor-general made the following remarks to the jury: "As he does not deny it, I will submit the case to you without argument." The reference was to the fact that the prisoner had made no statement. The solicitor-general in his argument here candidly admitted that this remark was improper and should not have been made. See *Bird* v. *State*, 50 *Ga.* 585 (7); *Robinson* v. *State*, 82 *Ga.* 535 (9). It is, however, due to the solicitor-general to state, although it does not appear in the record, that he stated in his argument here that he intended the first portion of the remark to be addressed to counsel for the accused, who was immediately behind him, and did not intend the jury to hear it. It does not appear from the record that the judge heard the remark, nor does it appear that any objection was made by counsel for the accused, or that any ruling or action by the court in reference to the remark was invoked. Under such cir-

cumstances the remark does not constitute sufficient reason for reversing the judgment refusing to grant a new trial. The public interest demands that all trials shall be conducted with absolute freedom from impropriety and disorder on the part of those engaged therein as well as those who may be present merely as spectators. Nothing is more conducive to respect for the law and its administration than orderly and·proper conduct of court and counsel during the progress of a trial. The judge, as the representative of the public and the exponent of the law, has conferred upon him the high privilege to interpose at any time to preserve the dignity of the court over which he is presiding, or to protect the rights of parties whose interests may be imperiled by any occurrence in his presence; and he is not bound to, and should not, await the action of party, counsel, or any one else, when an act of disorder or impropriety occurs. See *Patton* v. *State*, 117 *Ga.* 238. How far the mere failure of the judge to interpose of his own motion can be taken advantage of by parties as a reason for setting aside a verdict or reversing a judgment, is, however, an entirely different question. The rule in reference to the duty of the court in regard to improper statements by counsel is contained in the Civil Code, § 4419, which is as follows: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the same, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion he may order a mistrial if plaintiff's attorney is the offender." It is to be noted that this section is a codification of rulings contained in four cases, two criminal cases and two civil cases. See *Augusta R. Co.* v. *Randall*, 85 *Ga.* 298 (6); *Croom* v. *State*, 90 *Ga.* 430 (4); *Metropolitan St. R. Co.* v. *Johnson*, 90 *Ga.* 501 (6); *Farmer* v. *State*, 91 *Ga.* 720 (2). In the two criminal cases and in one of the civil cases it was distinctly ruled that improper remarks by counsel would not be sufficient reason for reversing a judgment refusing a new trial, when no objection was made to the same, and no ruling from the court invoked; while in the other case (*Augusta R. Co.* v. *Randall*) the judgment was reversed, although it does not appear that any ruling was invoked in reference to the improper remarks. The facts of this case are, how-

ever, unusual, and it, like the *Woolfolk* case, 81 *Ga.* 551, and some few others, must be allowed to stand upon its own peculiar facts.     The general rule is undoubtedly the one laid down in the **three** cases above referred to.     A number of the more recent decisions dealing with this subject will be found collected in *Bowens* v. *State*, 106 *Ga.* 764.   See also *Turner* v. *State*, 70 *Ga.* 778, and cit.; *Ivey* v. *State*, 113 *Ga.* 1062, and cit.; *Western & Atlantic R. Co.* v. *Cox*, 115 *Ga.* 720; *Tuggle* v. *State*, 119 *Ga.* 969; and cases cited in 1 Enc. Dig. Ga. Rep. 516, 517, 519, et seq. The jurisdiction of this court is limited to the correction of errors of the superior courts and city courts of a given class, and the errors which can be made the subject-matter of complaint are those which arise out of the decisions, orders, decrees, and rulings of the trial courts, or out of the omission or failure on the part of those courts to discharge some duty incumbent upon them under the law, which, in the opinion of this court, is of such a character, under the particular circumstances, as to constitute an error of law and require a reversal of the judgment.     The rule, that generally this court will not reverse a judgment for a failure on the part of the trial judge to rebuke disorder, when no objection is made thereto, and no ruling invoked, is not, as is supposed by some, a rule of recent origin.     It has been applied more often in recent years, but the rule is almost as old as this court.   As early as 1852, in *Mitchum's* case, 11 *Ga.* 616 (7), it was laid down that it was error in the court, *when requested to prevent it*, to permit counsel to comment on facts not in evidence.   In the opinion Judge Nisbet says:   "It is the duty of the court to prevent such comments, and in all cases where this is not done, provided the court is requested to prevent them, we shall hold, as we rule in this case, that it is good ground for a new trial.", p. 629.   See Van Epps' Annotations on this case in the footnotes, beginning on p. 617.   This is the first authoritative ruling by this court on the subject, and it will thus be seen that the rule now in force was recognized even at that early date.   In *Berry's* case, 10 *Ga.* 522, while the practice of counsel commenting upon facts not in evidence was severely condemned, the judgment was affirmed notwithstanding the alleged improper remarks, as it appeared that the argument escaped the attention of the judge, and that in his general charge to the jury he expressly directed them to disregard all

statements of counsel not supported by the evidence. In *Grady's* case, 11 *Ga.* 253, it was held that it was not only the privilege of the judge but his solemn duty to interrupt counsel when misstating the testimony to the jury, and that therefore it was not error for the judge to exercise this privilege and restrain counsel who were engaged in such improper conduct. A similar ruling was made in *Doster* v. *Brown*, 25 *Ga.* 24. In *Long's* case, 12 *Ga.* 331, Judge Nisbet says, "We have held it error for counsel, when objected to, to be allowed to comment upon facts not proven;" citing *Mitchum's* case, 11 *Ga.* 616. In *Bulloch* v. *Smith*, 15 *Ga.* 396 (5), while it is stated that the judge should interfere and prevent counsel from arguing upon facts not in evidence, it does not appear whether any objection was made, but it distinctly appears that the judgment of reversal was not put upon this ground. See p. 399. The same is true as to *Archer's* case, 35 *Ga.* 7. We have called attention to some of the earlier cases simply for the reason that the able counsel for the plaintiff in error so earnestly argued before us that the rule invoked against him was not only of recent origin, but was in conflict with the former rulings of the court. We have been unable to find any ruling which appears to us to be in conflict with the rule we now apply. On the contrary the impression received by us from an investigation of the earlier rulings is that they are in thorough accord with the modern cases.

7. The State sought to impeach one of its own witnesses, without first showing to the court that it had been entrapped by the witness. But as it appears that the accused made no objection, the grounds of the motion for a new trial complaining of this furnish no reason for a reversal. The evidence warranted the verdict, and no sufficient reason appears for reversing the judgment.         *Judgment affirmed. All the Justices concur.*