HENDRIX *v.* THE STATE.

No. 8165. SEPTEMBER 17, 1931.

*George C. Farantos,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. W. LeCraw,* and *E. A. Stephens,* contra.

ATKINSON, J. O. C. Hendrix was indicted for the murder of Sam Nisson. On the trial he was convicted, without any recommendation. He excepted to the refusal of a new trial.

1. The first special ground of the motion for new trial complains: "That when defendant came up for trial in the court, he appeared to have a swollen lower jaw, that said defendant, when he was asked to make his statement to the jury and took the stand defendant said he was unable to speak clear and audible enough to be heard by the jury, that the trial judge urged defendant to speak louder so the jury could hear him, and said defendant indicated his swollen jaw and said he was unable to speak on that account. The judge ordered him to take a chair before the jury-

box, and defendant proceeded to make his statement, but his voice was still indistinct and low, and he was urged repeatedly to speak louder, and defendant again repeated that he could not speak on account of his jaw, which he claimed to be broken." This ground is without merit.

2. "The failure of the court to interpose of its own motion in case of impropriety in its presence will not generally be a sufficient reason to set aside a verdict at the instance of a party, when no objection to the impropriety was made pending the trial, and no ruling in reference thereto was invoked from the court." *O'Dell* v. *State,* 120 *Ga.* 152 (5) (47 S. E. 577); *Rawlins* v. *State,* 124 *Ga.* 31 (7) (52 S. E. 1); *Washington* v. *State,* 124 *Ga.* 423 (10) (52 S. E. 910); *Frank* v. *State,* 141 *Ga.* 243 (16) (80 S. E. 1016).

3. The second special ground of the motion for new trial complains that during the argument to the jury by counsel for the defense, the wife of the deceased man, without any cause or provocation from the defendant or his counsel, "became dispassioned and stood up from her chair, and in threatening manner with her hand raised advanced toward the attorney . . and said in loud and highly hysterical voice, 'You lawyer, how dare you try to defend a red-handed murderer for money? How dare you defend that negro who killed my husband? I'll kill you, I'll kill you,' and she continued to repeat same many times in the presence of the jury; these statements were heard by all those that were in the court-room." It was alleged that this demonstration by the woman was highly prejudicial and influenced the jury to render an unfair verdict against defendant; also that notwithstanding the attorney for the defense failed to make a motion for a mistrial, it was the duty of the judge to order a mistrial in the interest of law and justice. This ground was accompanied by an affidavit of the attorney who was addressing the jury, to the effect that by the unexpected and surprising conduct of the woman he became confused and embarrassed, and "more so as this was his first murder case and his first appearance before a jury," and that in his confused state of mind he failed to make a motion for mistrial and to argue the case properly as he would have done had the interruption not occurred. It appears from the record that the defendant was represented at the trial by two attorneys. In his order overruling the motion for new trial the judge stated that

"during the demonstration by . . [the] wife of the deceased, the court instructed the sheriff to escort the said . . [woman] from the court-room, which was done—she continuing to talk in the manner set out in said amendment, as she was being led out by the sheriff. After [the woman] had been taken from the court-room by the sheriff under instructions from the court, the court admonished the jury that they should not allow the occurrence to influence their verdict in any manner; after which counsel for the defendant proceeded with his argument." *Held:* (*a*) Under application of the principles of law above stated, this ground of the motion for new trial, considered in the light of the judge's note, will not require a reversal. (*b*) If there was any excuse to the attorney who was interrupted in his speech for failure to make a motion for mistrial, no such ground existed with reference to his associate counsel who should have made such motion.

4. The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*