## BROOKS et al. v. THE STATE.

No. 11475.   DECEMBER 3, 1936.

*Feagin & Feagin*, for plaintiff in error.
*Charles H. Garrett, solicitor-general*, contra.

GILBERT, Justice. The Code, § 81-1009, declares: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." That section is not of legislative origin. It has appeared in several of our codes, and the principles undoubtedly are taken from four decisions of this court. *Augusta & Summerville Railroad Co.* v. *Randall*, 85 *Ga.* 297, 317 (4 S. E. 674); *Croom* v. *State*, 90 *Ga.* 430 (4) (17 S. E. 1003); *Metropolitan Street Railroad Co.* v. *Johnson*, 90 *Ga.* 500 (6) (16 S. E. 49); *Farmer* v. *State*, 91 *Ga.* 720 (18 S. E. 987). These were not the first cases in which this court dealt with the subject. Without attempting the useless task of collecting all cases decided before and since the four cases mentioned, a reference to a few of them will be made. First it should be stated that the Code section does not expressly provide that where improper argument is made, a motion for a mistrial is or is not essential to a judicial review. Neither does the section define what the term "improper" means. It is clearly inferred that the courts shall deem improper any statement by counsel "of prejudicial matters which are not in evidence," and that has been the gist of our decisions dealing with the subject. An early case, if not the earliest, directly in point is *Mitchum* v. *State*, 11 *Ga.* 615. Other cases bearing upon the question are the four above mentioned as constituting the source of the Code section under consideration, and *Bennet* v. *State*, 86 *Ga.* 401 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465); *Washington* v. *State*, 87 *Ga.* 12 (3) (13 S. E. 131); *Johnson* v. *State*, 88 *Ga.* 606 (15 S. E. 667); *Thompson* v. *State*, 92 *Ga.* 448 (17 S. E. 265); *Bowens* v. *State*, 106 *Ga.* 760 (5) (32 S. E. 666); *O'Neill Manufacturing Co.* v. *Pruitt*, 110 *Ga.* 577 (36 S. E. 59); *Patton* v. *State*, 117 *Ga.* 230, 237 (43 S. E. 533); *O'Dell* v. *State*, 120 *Ga.* 152, 154 (47 S. E. 577); *Rawlins* v. *State*, 124 *Ga.* 31 (17) (52 S. E. 1); *Southern Railway Co.* v. *Brown*, 126 *Ga.* 1 (4) (54 S. E. 911); *Nix* v. *State*, 149 *Ga.* 304 (3), 312 (100 S. E. 197); *Brown* v. *State*, 150 *Ga.* 756 (3) (105 S. E. 289); *Snell* v. *State*, 179 *Ga.* 52

(175 S. E. 14); *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386, 396 (182 S. E. 384).

Several rules growing out of the broad terms of the Code section may be considered as settled in this State. Argument of counsel is a valuable privilege, and may not be unduly restricted. On the other hand, the court must not allow such latitude as will defeat the justice of the cause, such as introducing prejudicial matters not in evidence. The dignity of the court, and the public interest in having its courts properly conducted, are involved. The court may, and should, in the exercise of its own power and dignity, interpose to require counsel to desist from improprieties. In the exercise of these duties courts are invested with a discretion which will not be controlled, unless abused. The trial judge is on the scene and has a better means of judging the situation than can a court of review. While all improprieties should be prevented or, if not, the damage should be repaired, not all of such offenses will require a review, or, if reviewed, a new trial. Where no objection is made, or ruling invoked, or where the court does not know of such, no basis for a review exists. This is manifestly true, because the injury is waived. One can not ignore an injury until after verdict, thus taking the chance of a favorable finding, and then complain. "Laws made for the preservation of public order or good morals can not be done away with or abrogated by any agreement; but a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Code, § 102-106. When an improper argument is made, the adversary must act, if redress is desired; if not, the incident is closed. The adversary may (1) waive by silence; (2) he may request a rebuke by the court; (3) he may request instructions to the jury either at that moment or as a part of the general instructions; or (4) he may move for a mistrial. Possibly other motions may be made or rulings invoked. The above will suffice for the present discussion. Whatever may be the motion, or the ruling sought, if the offense is so slight as to amount to no substantial injury, when the law and the evidence of the case are considered, no cause for a new trial will result. The word "improper" as applied to argument is very indefinite. It may be slight or grave. It may be grave in a close case, or slight and harmless in a case that is not

close. Even where there is a basis for review, it does not follow that a reversal should result. Where there is a request that the court cause adversary counsel to desist from improper argument or that the court rebuke counsel, or a motion to declare a mistrial, and an adverse ruling is made, there is a basis for review. In such review this court will consider the ruling of the court, together with the motion and the cause of the motion. From these, under the principles applicable thereto, it should be determined whether there is such error as will cause a reversal. In no case will the trial judge's ruling be reversed for not going further than requested. In *Smoot* v. *State,* 146 *Ga.* 76, 81 (90 S. E. 715), in view of the character of the words and the manner of their delivery, the verdict was set aside on the ground that the accused had not had a fair trial; this notwithstanding the trial judge (the present writer) had reprimanded counsel and instructed the jury that the statement of law by counsel was not correct law, and that the jury should disregard the argument. The court held that the argument was so gravely injurious (it being a capital case) that the effort of the judge to stop the attorney and remove the injury was unsuccessful. This was a five-judge case; but if followed, another rule, an exception to what is said above, is that where the "improper" remarks are grave and injurious enough according to the standard fixed in the *Smoot* case, a new trial will be granted, whether or not a ruling is invoked, and even where the court sustains the objections in their entirety and instructs the jury in every way conceivable, but refuses to grant a mistrial. This is on the theory that the injury was so grave that no act of the trial judge can repair or remove the damaging effect.

An elaboration of the views herein expressed may be found in the decisions above named. They are clearly and strongly stated. Before closing this discussion special mention should be made of the following cases which, taken on their face, do not seem to harmonize with the older and more numerous cases. In *Nix* v. *State,* supra, this court refused to reverse the judgment because of improper remarks of the solicitor-general. That decision, when properly considered, in no way conflicts with the view taken above. The remarks were not gravely improper. The evidence overwhelmingly proved the defendant guilty of murdering two men. Counsel objected to the remarks; the court rebuked counsel in the

presence of the jury. The judgment doubtless would have been affirmed even if a mistrial had been requested. Moreover the original record leaves in doubt whether or not the grant of a mistrial was moved for. The correct result was reached. In *Brown* v. *State,* supra, the remarks objected to did not refer to any fact immediately connected with the case, but did refer to the prevalence of crime in a foreign country. The nature or ground of objection is not shown in the original record. The court saw and heard all that occurred, and this court properly refused to reverse the judgment. The decision in *Snell* v. *State,* supra, like that in the *Brown* case, does not contain a detailed statement of the grounds of the motion for a new trial. An inspection of the record discloses the fact that the so-called improper remarks were of trivial importance. The judge was authorized, with or without objection or motion, to ignore the incident. To have done otherwise would have exaggerated the incident to the possible hurt of the defendant. The court reached the correct result. The reference to the absence of the motion to declare a mistrial, as in the cases of *Nix* and *Brown,* may be regarded as unnecessary to a proper decision of the case. Thus the numerous rulings may be harmonized.

But if the decisions in *Brown* v. *State,* and *Snell* v. *State,* supra, should be construed as ruling anything contrary to what is now held, these decisions then are in conflict with previous unanimous decisions by this court, and must yield to such previous decisions as authority. Code, § 6-1611; *Calhoun* v. *Cawley,* 104 *Ga.* 335 (30 S. E. 773). A good statement upon the practice question now under consideration is found in *Southern Railway Co.* v. *Brown,* supra, as follows: "When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, may object to the argument, and rest simply on the objection; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed; or he may, in addition to his objection, move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of the impropriety which has taken place; or, if the impropriety is of a very grave character, he may move for a mistrial,

and upon the refusal of the court to do that which ought to have been done on the motion made, whatever its nature may be, the conduct of the judge will then be a subject for review by this court."

Obviously this discussion has covered much ground not necessary for an answer to the questions, strictly according to their terms. The wider discussion is deemed pardonable because of the difficulty of making the subject clear otherwise. It follows from what has been said that the first question propounded by the Court of Appeals should be answered in the negative, and that the second and third questions should be answered in the affirmative. The decisions by the Court of Appeals at variance herewith are disapproved.

*All the Justices concur, except Beck, P. J., who dissents, and Russell, C. J., who concurs in part and dissents in part.*

RUSSELL, Chief Justice. I fully concur in the direct answers to the questions propounded by the Court of Appeals in this case, as expressed in the headnotes; but I can not concur in the opinion of the majority, because in my opinion, in the exercise of the duties imposed upon a judge of the superior court in maintaining the proper dignity of the court and the impartiality of trials, he has no discretion to either magnify or minimize the necessity for his interposition. He is not the judge comparing the offense complained of. He is not the judge of what may be in a particular case sufficiently trivial as for him to disregard a request for a mere reprimand, much less a request for a mistrial. He is not clothed with discretion to determine for himself that in one case the result might not be affected. That is for the jury to determine under the action of the judge in the premises.