## 41113. JACKSON v. THE STATE.

DECIDED FEBRUARY 12, 1965.

Burglary. Fulton Superior Court. Before Judge Dyer.

*Lipshutz, Macey, Zusmann & Sikes, Robert A. Elsner*, for plaintiff in error.

*William T. Boyd, Solicitor General, Carter Goode, J. Walter LeCraw*, contra.

NICHOLS, Presiding Judge. The defendant was convicted of

burglary. Thereafter his motion for new trial, as amended, was overruled and error is assigned on such judgment adverse to him.

■ Special grounds 1 and 2 of the amended motion for new trial complain of the admission of evidence. Special ground 1 complains of the failure to strike the answer alleged as not being responsive to the question asked. The answer given was in explanation of an answer called for by the question asked by the defendant's counsel and was not unresponsive. Special ground 2 assigns error on a question asked a witness for the defendant on cross examination. The question called for an answer which may or may not have been within the knowledge of the witness, and since the witness was on cross examination such question was not subject to the objection made.

■ Special grounds 3 and 4 complain that the defendant was denied a thorough and sifting cross examination of the State's witnesses by an instruction of the trial court not to ask a particular question again when such question had been answered three times. "Refusal of the court to permit a witness to answer a question on cross examination, because he had already twice answered it, was not error as restrictive of the right of cross examination." *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301). "Every party litigant is entitled to a thorough and sifting cross examination yet the discretion of the trial court to control such examination so as to limit the inquiry to relevant matter will not be interfered with unless such discretion is manifestly abused. See *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102), and citations." *Kaminsky v. Blackshear,* 108 Ga. App. 492, 495 (133 SE2d 441).

Here the trial court merely prohibited the defendant's counsel from repeatedly asking the same question and such action was not an abuse of discretion or an abridgment of the defendant's right to a thorough and sifting cross examination of the State's witnesses. No error is shown by special grounds 3 and 4 of the amended motion for new trial.

■ ■ In three special grounds the defendant contends that (1) a wrist watch, (2) a roll of dimes with a stamp bearing the name "West Hunter Baptist Church", and (3) an amount of one-dollar bills were improperly admitted into evidence over

■

objection because they were not properly identified. A separate objection was made to each of the three exhibits, but each objection was upon the ground of identity, and they will be considered together.

The wrist watch was identified by the prosecutor by the band attached thereto which, according to the record, showed where it had been clamped on the watch with pliers by the prosecutor. Under the decision in *Yawn v. State,* 94 Ga. App. 400 (94 SE2d 769), the watch, the roll of dimes in the same type wrapper as that stolen from the prosecutor, and the quantity of one-dollar bills in almost the same quantity as that stolen a few hours before they were found in the defendant's possession were properly admitted in evidence over the objection as to identity. See also *Jordan v. State,* 119 Ga. 443 (2) (46 SE 679); and *Dawson v. State,* 99 Ga. App. 115 (1) (107 SE2d 847).

■ Nor were such exhibits inadmissible under the decision in Mapp v. Ohio, 367 U. S. 643 (81 SC 1684, 6 LE2d 1081), and *Raif v. State,* 109 Ga. App. 354 (136 SE2d 169), where the evidence was obtained through an illegal search after an illegal arrest. Here the evidence was obtained as a result of a search following an arrest for an offense committed in the presence of an officer. See Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726). Accordingly, no error is shown by special grounds 5 through 9 of the defendant's amended motion for new trial.

■ Special ground 10 complains that the trial court erred in charging on the definition of burglary by over-emphasizing the element of "breaking and entering" as opposed to the element of "intent to commit a larceny." The charge given was correct and did not, when considered as a whole, harm the defendant by over-emphasizing one element as opposed to another. The charge as given, if anything, was favorable to the defendant.

■ Special ground 11 is based on newly discovered evidence but fails to set forth as exhibits affidavits as to the residence, associates, character and credibility of the proposed witness (see *Code* § 70-205; *Blackwell v. State,* 99 Ga. App. 579, 109 SE2d 62), and is merely impeaching in nature.

■ The defendant admitted having possession of at least a part of the property, identified by the prosecutor as having

195

been stolen from his home, within a few hours of the time it was allegedly stolen and then sought to explain such possession. Under repeated decisions of this court such recent possession not explained to the satisfaction of the jury would authorize the verdict rendered. See *Ash v. State,* 109 Ga. App. 177 (4) (135 SE2d 507), and citations.

The trial court did not err in overruling the defendant's motion for new trial for any reason assigned.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*