### 23760. MOORE v. THE STATE.

749

ARGUED OCTOBER 11, 1966—DECIDED NOVEMBER 4, 1966—
REHEARING DENIED NOVEMBER 23, 1966.

*Murray M. Silver,* for appellant.

*Jack W. Ballenger, Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

MOBLEY, Justice. Robert Felton Moore was indicted for the murder of Oliver Wainwright in Camden County Superior Court and was tried and convicted of murder without recommendation and sentenced to death. From the judgment of the trial court overruling his motion for new trial on the general and five special grounds he appealed to this court, and enumerated as error denial of his motion for new trial on each of the grounds.

■ As to the general grounds, we have carefully read and

considered the evidence and find that the verdict of the jury is strongly supported by the evidence. It shows without question that the defendant, while riding in the back seat of the automobile driven by Wainwright with Conner on the front seat with him, pulled a pistol on them, ordered them to stop the car, and to get out, which they did. He then marched them out in the woods, where he at pistol point ordered them to take off their clothes and give them to him, whereupon he shot and killed both of them, took their money amounting to some $130 and drove away. He was apprehended by officers within three or four hours, and later confessed the killing. When arrested he had the pistol with which he had killed the two men. The appellant offered no evidence in his defense and did not make a statement in his own behalf. The evidence showed a cruel, inhumane, premeditated, unmitigated murder of two men, who were helpless to defend themselves, for the purpose of robbery.

■ Defendant enumerated as error the overruling of the special ground of his motion for new trial which complained of the admission in evidence of his alleged confession. The question of admissibility of the confession was first tried before the judge, in the absence of the jury, who found after hearing evidence, that the confession was admissible, and admitted it. The defendant in his testimony before the judge in the hearing on the admissibility of the confession, testified that he was beaten about the head by one of the officers riding with him on the back seat of the car, with officers riding in front, while on their way from Folkston, where he was arrested, to Woodbine or Kingsland, and that the officer questioned him about some men; that they made threats to him after they got him to the courthouse, and that "Sheriff Gibson took his gun out and put it to my forehead, and told me just as soon blow my damn brains out then as not," that he was afraid, was beaten and abused and that he would not have made the statement and confessed, if he had not been physically abused. His girl friend, who saw him on Tuesday after he was arrested on Friday night, said one of his eyes was almost closed. On cross examination she testified that he did not complain about anyone beating him at that time or on any of several visits she made to him while in jail.

One of his attorneys testified that he saw defendant on March 4, after his arrest on February 25, and that his eye was red and bloodshot and that he had marks on his wrist. The evidence as to how his eye was injured was inconclusive. Defendant did not say the officers or anyone caused it. Each of the several officers denied that he or anyone in his presence had threatened, beaten, or otherwise mistreated the defendant. Officer Lunsford of the G. B. I. testified that he talked with the accused about 2:30 a.m., February 26 after his arrest about 10 p.m. the night of the 25th, and advised him of his rights, told him he was entitled to a lawyer, that he didn't have to tell him anything and that anything he said could be used against him. He advised him of his rights on a later occasion, when he made his confession. The defendant was arrested for speeding by Corlee, a Folkston policeman. While chasing defendant, the officer radioed for help, and just after Corlee arrested him, Phillips, Deputy Sheriff of Charlton County, arrived. He took custody of the defendant, told him that he would have to hold him for speeding and also in connection with the disappearance of two men. At that time he testified that he advised him of his rights, that he was entitled to a lawyer, and that he didn't have to make any statement. Each officer thereafter connected with the investigation testified that the accused was advised of his rights before he was questioned or the case discussed with him.

While the evidence was conflicting, it was ample and entirely sufficient to show that the accused was advised of his constitutional rights to remain silent, have a lawyer, and that any statement he made could be used against him and that his confession was freely and voluntarily given. This court cannot say that this accused was denied the assistance of counsel, in violation of the 6th Amendment to the United States Constitution as was held in Escobedo v. Illinois, 378 U. S. 478, 491 (84 SC 1758, 12 LE2d 977), as here, contrary to Escobedo, the accused was told of his right to have counsel, and that he didn't have to say anything without his counsel being present. This state has long required that admissions or confessions must be freely and voluntarily made, not induced by another by the slightest fear of punishment or the remotest hope of reward.

*Code* § 38-411; *Mobley v. State,* 221 Ga. 716 (3) (146 SE2d 735). The jury was authorized by the evidence to find that the confession was freely and voluntarily made.

■ Ground 3 complains of the admission in evidence of the pistol taken by the arresting officer from defendant's car at the time of his arrest, which pistol under the uncontradicted evidence was used to kill Wainwright and Conner. Officer Corlee, a Folkston policeman, gave chase to defendant's car when it passed through his city at a high rate of speed, and continued chasing him at speeds up to 80 miles per hour and finally caught him when two of the tires came off and his car ran into a ditch. The officer testified that ". . . he stopped; I pulled up behind him leaving my car a little to the left so the headlights could be shining on his car; he opened the door and made the movement of coming out of the car in this position, the door cracked approximately 12 inches; I saw an object in his hand, and I came around to the side of the car, staying a distance from the door and advising him to drop what he had in his hands and brought his hands up slowly, and I asked him to step back to my car; I had him to place his hands on the hood of my car, and I held him there until Deputy Phillips arrived at the scene." The solicitor general, after displaying a pistol to officer Corlee, asked him: "All right, tell the jury when and where you first saw that gun." Answer: "When I went back to the Oldsmobile and found this weapon laying on the ledge just inside of the door in a cocked position." The pistol was not inadmissible under the decision in Mapp v. Ohio, 367 U. S. 643 (81 SC 1648, 6 LE2d 1081), where the evidence was obtained through an illegal search after an illegal arrest. Here, the evidence was obtained as a result of a search following an arrest for an offense committed in the presence of the officer. See Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726). See also *Cash v. State,* 222 Ga. 55 (148 SE2d 420) and cases there cited; *Jackson v. State,* 111 Ga. App. 192, 194 (141 SE2d 177).

■ Enumerated error 4 alleges that the court erred in refusing to give the following charge: "Difference between incriminating statement and a confession, said charge being pertinent and applicable to the facts of the case, and movant having sub-

mitted such request to charge before the jury retired to consider their verdict." The appellant does not set out where said request will be found in the record, nor does an examination of the record disclose such request. It was not error to fail to give such charge here, with or without request, as the defendant confessed that he killed the deceased, Wainwright, and his companion, Conner, and after doing so robbed them of their money. Confession implies "an admission of every essential element of the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it cannot be said to be an admission of guilt. There is a difference between an incriminating statement and a confession of guilt. In the former, only one or more facts entering into the criminal act is admitted, while in the latter, the entire criminal act is confessed." *Owens v. State,* 120 Ga. 296, 298 (48 SE 21). The confession of the defendant was broad enough to cover every essential element of the crime. This ground is without merit.

■ Enumerated error 5 complains that the court erred in giving the following charge: "With this instruction, Members of the Jury, you will now retire and start discussing the case and considering the evidence of this case, and work toward reaching a speedy verdict in this case." Immediately following that charge, defendant objected to it, and the jury was called back and re-charged as follows: "Members of the Jury, the court instructs you that as regards the court's final words a moment ago just before you were sent out of the room to the effect that you may now retire and make an attempt to reach a speedy verdict that you are to disregard those words entirely, remove them from your minds, and I am directing you to disregard those words entirely; the court had no intention whatsoever to make any implication that you should be unduly hasty in any respect in reaching a verdict. Now I ask you to disregard those words entirely."

The court was in error in instructing the jury to work toward reaching a speedy verdict in the case, as the court should not unduly urge or press a jury to agree on a verdict. See *Hyde v.*

*State,* 196 Ga. 475 (9) (26 SE2d 744) and cases cited. However, this was immediately corrected by the re-charge and the defendant could not have been harmed by the charge. The ground is without merit.

■ Enumerated error 6 complains of the argument of the solicitor general. The following excerpt from the solicitor general's argument includes that complained of which is underscored: "Now my good friend says that Sheriff Smith stated that he had seen this swelling on the eye of this defendant, they said his rights had been violated because he had some swelling in his eye, Sheriff Smith says that's right; Mr. Grimes said that's the only officer that would say that; J. D. Peeples got up there and told you he saw him with his eye closed, he told you that, but how did that happen, *I don't know, I don't know how it happened, but I will tell you one thing if that's what you call police brutality, there wasn't much to it, because as my officers, and I call them mine and I am proud of them, if they are going to beat something out of a man, they can do a better job than that; if they put one little swell place under his eye in a double murder case, I'm disappointed in them* if they tried to beat something out of him, but that is not the case, this man says that Jimmy Middleton hit him with a blackjack, and we have shown you that Jimmy Middleton doesn't even carry a blackjack, doesn't have one, or slapjack either; we know that officer Corlee chased him he tore the tires off of his car according to the evidence in this case and it's undisputed, slid over to one side with' sufficient force to do that, and it could be he got a little bump side of his head then, I don't know, but I don't care, I tell you all of my sympathy is resting with these two men as shown in this picture, and I'm sorry, I just don't have any left for this defendant, you only have so much and I have used it, I have no more, *I can't sympathize with him when I look at these pictures if they had killed him when they caught him,* which they say they did not do what he said they did. Now I ask you this as a fair question, *are you going to believe this double murderer,* or are you going to believe the sheriff of your county and these other officers who did a magnificent job in this case, and are to be highly commended. Who do you believe,

do you believe him, or do you believe your officers?" Considering the fact that defendant claims that he was beaten up by the officers and had a swollen place under one eye, which defendants' counsel argue was caused by the officers, it was proper for the solicitor general to point out in his argument that he only had a little swollen place under his eye which he could have received when the tires came off his car and ran into a ditch; and to point out that his officers, if they had beaten him up, "they could do a better job than that" and that "if that was police brutality there wasn't much to it." The argument related to the evidence in the case and was pertinent thereto. It does not put or introduce evidence in the case. His reference to defendant as a double murderer "will be regarded as a deduction from the evidence" and it does not inject into his argument extrinsic and prejudicial matters which have no basis in the evidence, which is what the law condemns. *Floyd v. State,* 143 Ga. 286 (5) (84 SE 971).

Furthermore, if the argument was improper in any respect, there was no objection to it by counsel for defendant, no request that it be stricken, that the solicitor general be reprimanded or mistrial granted. "The failure of the court to interpose of its own motion in case of impropriety in its presence will not generally be a sufficient reason to set aside a verdict at the instance of a party, when no objection to the impropriety was made pending the trial, and no ruling in reference thereto was invoked from the court." *O'Dell v. State,* 120 Ga. 152 (5) (47 SE 577). See also *Hendrix v. State,* 173 Ga. 419, 420 (2) (160 SE 614). "It has been held by this court many times that, when improper argument is made to the jury by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel make proper objection to it at the time made or invoke some ruling or instruction from the court respecting it, either by way of reprimanding counsel, or of instructing the jury to disregard it, or of declaring a mistrial. A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later. *Code* § 81-1009; *Croom v. State,* 90 Ga. 430 (17 SE 1003); *Farmer v. State,* 91 Ga. 720 (18 SE 987); *Kearney*

*v. State,* 101 Ga. 803 (29 SE 127, 65 ASR 344); *O'Dell v. State,* 120 Ga. 152, 155 (47 SE 577); *Benton v. State,* 185 Ga. 254 (194 SE 166); *Mims v. State,* 188 Ga. 702 (4 SE2d 831); *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752)." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221).

*Judgment affirmed. All the Justices concur.*

On Motion for Rehearing.

The defendant in his motion for rehearing relies upon the case of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) in support of his contention that the confession of the defendant was not admissible. However, the Miranda case has no application to this case as it was decided on June 13, 1966, subsequent to the trial of this case on April 12, 13, and 14, 1966, and the Supreme Court of the United States in Johnson v. New Jersey, 384 U. S. 719, held that the Miranda case applies only to cases in which the trial began after the date of the court's decision in the Miranda case.

*Motion for rehearing is without merit, and is denied.*