25956. AIKEN v. THE STATE.

ARGUED SEPTEMBER 16, 1970—DECIDED NOVEMBER 5, 1970.

*Miles J. Alexander, Richard R. Cheatham,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. Judson Aiken was convicted on four counts of robbery by the use of an offensive weapon, and a life sentence was imposed on each count. He appeals from his conviction and sentence, and from the denial of his motion for new trial.

The appellant was charged with being one of the three persons who robbed the Northside Loan Office, a pawn shop, and customers who came into the store while the robbery was in progress. The robbery was accomplished by the use of guns, and by physical force.

■ The appellant is an indigent and he was furnished the transcript of his trial by the State. The first enumeration of error is the failure of the court to require the court reporter to record and transcribe the opening statements of the court and counsel, the closing arguments of counsel, and the voir dire of the jury, in order that they might be transmitted by the clerk to this court. On motion for additional transcript, the judge ordered that the transcript of the voir dire be transmitted to this court, but denied the request that the argument be transmitted, because it was not recorded and could not be recalled.

After the additional transcript was furnished to this court, counsel for the appellant contends that the transcript is deficient in not containing "the opening statements of the court and counsel and the closing arguments of counsel," and "either the State's or defendant's challenges of the jury panel or the trial court's rulings thereon."

Counsel representing the appellant on appeal did not represent him at his trial. Counsel does not assert that any error occurred, of which he has knowledge, during the proceedings which were not recorded, but contends that he can not properly represent appellant unless he is furnished with the transcript of the entire proceedings so that he can determine whether any error occurred.

The Appellate Practice Act (Ga. L. 1965, pp. 18, 24; *Code Ann.* § 6-805) provides that: "(a) In all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in Code section 27-2401, or as may hereafter be provided by law. . . (d) Where a trial in any civil or criminal case is reported by a court reporter, all motions, colloquies, objections, rulings, all evidence—whether admitted or stricken on objection or otherwise—copies or summaries of all documentary evidence, the charge of the court, and all other proceedings which may be called in question on appeal or other post-trial procedure shall be reported, and where the report is transcribed, all such matter shall be included in the written transcript, . . . Where matters occur which were not reported, such as objections to oral argument, misconduct of the jury, or other like instances, the court, upon motion of either party, shall require that a transcript of these matters be made and included as a part of the record."

*Code* § 27-2401 provides that: "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case, except the argument of counsel."

Construing *Code Ann.* § 6-805 with *Code* § 27-2401, it would appear that in a felony case all testimony and proceedings in the case must be reported, except the argument of counsel. Counsel for the appellant asserts that since the argument of

counsel "may be called in question on appeal" (*Code Ann.* § 6-805), it is a part of the proceeding which must be reported and furnished to an indigent appellant.

In order to make an improper argument of State's counsel the subject matter of review, it is necessary that some objection be made at the trial. *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Moore v. State,* 222 Ga. 748, 755 (152 SE2d 570). Where objection is made, and upon motion of the accused, the court shall require that a transcript be made. *Code Ann.* § 6-805. Appellant was represented by counsel at his trial and we must assume that if any objection was made to oral argument, counsel would have requested that it be transcribed, and the court would have granted the motion. We therefore assume that no objection was made to any argument of State's counsel, and in that event, no assignment of error could be made on the argument.

We know of no "opening statement" of the court except the formalities of calling the case. Should any unusual statement have been made, which was prejudicial to the appellant, we must assume that objection would have been made and the proceeding would have been transcribed.

Counsel for the appellant apparently assumes that "challenges of the jury panel" were omitted from the additional transcript transmitted to this court, but he does not assert that he has knowledge of any such challenges. We must assume that the reporter has transcribed the entire proceedings pertaining to the voir dire of the jury on which appellant might assign error.

The appellant has been furnished the entire transcript which the law requires to be made in any felony case, and there is no merit in the first enumeration of error.

■ There was evidence of the possession by the appellant of personal property identified as being a part of that stolen from Northside Loan Office. The trial judge charged the jury on the inference arising from the possession of stolen property as follows: "I charge you that if the crime of robbery, or crimes of robbery should have been committed as charged in this bill of indictment, and certain personal property as set forth in the bill of indictment was stolen as a result of such crime, and if recently thereafter the defendant should be found in possession of the

stolen property, or any of the stolen property, that would be a circumstance, along with all the other evidence adduced, from which the jury may infer guilt as to the particular counts in the indictment which charges the theft of that particular property, if you see fit to do so, unless, of course, the defendant should make an explanation of his possession of the stolen property consistent with his plea of innocence which, again, is a question for you, the jury, to determine."

The second enumeration of error asserts that this charge was error for several reasons.

(a) It is contended that the charge did not correctly state the law on the subject because the statement "unless, of course, the defendant should make an explanation of his possession of the stolen property consistent with his plea of innocence," placed the burden on the appellant to personally come forward with an explanation of his possession of the stolen property.

Appellant cites *Gravitt v. State,* 114 Ga. 841 (40 SE 1003, 88 ASR 63), in support of this position. In the *Gravitt* case it was held that it was error for the judge to make the statement in his charge on the possession of stolen goods that, "if he fails to account for it to the satisfaction of the jury, the law presumes he is the guilty party." The error pointed out by this court was that the effect of the charge was that the unexplained possession of stolen goods created a presumption of law that the possessor was guilty, whereas this is a presumption of fact.

The possession of recently stolen goods, unaccounted for, raises an inference that the possessor is the one who stole the goods, and if the accused does not want this inference to arise in his case, he must account for his possession. *Bryan v. State,* 62 Ga. 179; *Lundy v. State,* 71 Ga. 360; *Mathews v. State,* 103 Ga. App. 743 (2) (120 SE2d 359).

If any implication could be drawn from the language objected to that the appellant was under a duty to personally explain his possession of stolen goods, rather than to account for it by evidence of others, it was not harmful to him, since there was no evidence of any kind to account for his possession. A witness stated that at the time the appellant asked him to take some articles into a pawn shop, he thought appellant might have got-

ten them gambling. This, of course, was not evidence of probative value to account for the appellant's possession.

Charges containing language similar to that complained of here have been approved by this court. See *Brown v. State,* 61 Ga. 311, 313; *Lewis v. State,* 120 Ga. 508 (48 SE 227) ; *Scott v. State,* 122 Ga. 138, 140 (50 SE 49).

(b) Appellant argues that the charge was inappropriate because the evidence showed that he had possession of only a very small percent of the personal property stolen in the robbery. There is no merit in this contention, since the inference of guilt arises from the possession of some, as well as all, of the stolen property. *Davis v. State,* 76 Ga. 16; *Jackson v. State,* 111 Ga. App. 192, 194 (141 SE2d 177).

(c) Appellant contends that the charge denied him due process of law, guaranteed by the Constitution of the United States, because there was no rational connection between his possession of a small quantity of the stolen property and the commission of the robbery four days earlier, in which numerous items were stolen. There is no merit in this contention. The possession of any of the stolen property certainly has a rational connection with the commission of the crime of robbery, and it is for the jury to determine, under all the facts and circumstances developed at the trial, whether an inference of guilt might arise under the evidence.

(d) It is argued that the portion of the charge objected to, "unless, of course, the defendant should make an explanation of his possession of the stolen property consistent with his plea of innocence," violated the rule against the judge commenting on the failure of an accused to testify or make a statement, and that it was not applicable to the case because the appellant neither testified nor presented evidence in his own behalf.

The judge stated the correct rule, that the possession of stolen property, unaccounted for, would be a circumstance from which the jury may infer guilt. It was not erroneous to charge this principle, where the evidence showed the possession of stolen property, even though the appellant did not account for his possession by evidence or by statement. *Trammell v. State,* 183 Ga. 711, 715 (189 SE 529). The charge can not properly

be construed as being a comment on the appellant's failure to testify or make a statement.

■ The third enumeration of error is that the court erred in allowing into evidence the identification of the appellant by witnesses who had previously viewed him at police line-ups at which he was not represented by counsel, without first holding a hearing as to the validity of the line-up, and in not declaring a mistrial when it had been disclosed that he was not fully informed of his rights prior to the line-up.

Appellant relies on the decision of the Supreme Court of the United States in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), to support this assignment of error. In the Wade case it was held that the failure to notify Wade's counsel of an impending line-up, absent an intelligent waiver, required a hearing on the question of whether the in-court identifications of the accused were based upon observations of the suspect other than the line-up identification.

Prior to the introduction of evidence in the present case, counsel for the appellant requested a hearing on the matter of the line-up identification, claiming that appellant was not afforded the right to have counsel at a line-up at which he was identified by victims of the robbery. The judge denied the motion at that time, but stated that he would be glad to exclude the jury and go into the matter at any point in the evidence that it became material to investigate the line-up procedure.

Later in the trial, counsel for the appellant examined the detective who arrested the appellant in regard to the line-up procedure, out of the presence of the jury. The detective testified that he informed appellant that he had a right to have an attorney at the time he placed him in the line-up, but appellant did not indicate that he wanted one. The detective stated that appellant had previously been told that if he did not have the money, the State would furnish him an attorney. No evidence was introduced in regard to any irregularity in the line-up proceeding.

Prior to the submission of the case to the jury, counsel for the appellant moved for a "dismissal" on the basis that the

defendant was deprived of his constitutional privilege to have counsel at the line-up. Had the accused been denied counsel at the line-up, the result would only be that an in-court identification by a witness viewing the line-up would be excluded from evidence, if the court should find that the State had not shown that the in-court identification was based upon observations of the suspect other than the line-up identification. United States v. Wade, 388 U. S. 218, 240, supra. There is no merit in the contention that the case should have been dismissed because appellant did not have counsel at the line-up.

Two witnesses who had viewed the line-up identified the appellant at the trial. No objection was made to their in-court identification. They were employees of the store where the robbery occurred, and had ample opportunity to observe the persons committing the robbery. Each testified that he identified the appellant as being one of the persons committing the robbery "regardless of any line-up" in which they identified him. No error is shown in allowing the in-court identifications in evidence.

■ The fifth enumeration of error is that the court erred in submitting to the same jury the issue of guilt or innocence and the fixing of punishment. Counsel concedes that this question was decided adversely to his contention in *Jackson v. State,* 225 Ga. 790 (4) (171 SE2d 501). We adhere to our previous rulings on this question.

The other enumerations of error have not been argued, and are considered abandoned.

*Judgment affirmed. All the Justices concur.*