Bird *vs.* The State of Georgia.

---

ZACK BIRD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Acts of preparation to meet and resist an aggressor cannot be urged by him as provocation. The drawing of a weapon with intent to use it upon one of two brothers present, will justify the procurement of a stick with which to resist the intended assault; and, hence, possession of the stick will not be such provocation as will reduce to manslaughter a homicide committed by the assailant.

2. Where there is not an assault or an attempt to do a serious personal injury, but provocation by abusive words only, the homicide is not manslaughter.

3. A charge that recites, hypothetically, a state of facts more favorable to the prisoner than the evidence warrants, and adds that if these facts be found, the killing is not murder but manslaughter, unless the evidence shows it to be justifiable, is not an error of which the prisoner can complain.

4. In this case the offense proven was clearly murder, and the verdict was not contrary to law or to evidence.

Criminal law.  Manslaughter.  Charge of Court.  New trial.  Before Judge HALL.  Monroe Superior Court.  February Term, 1875.

Reported in the opinion.

HAMMOND & BERNER, by W. T. TRIPPE, for plaintiff in error.

T. B. CABANISS, solicitor general, by PEEPLES & HOWELL, for the state.

BLECKLEY, Judge.

There was a party at night, in the week of Christmas.  It was given in a small kitchen, and the guests being numerous, most of them were outside of the building.  About nine or ten o'clock, a brother of deceased and a brother-in-law of prisoner, had an altercation in the crowd out of doors, about some apples which the former had purchased from the latter without paying the full price.  Prisoner walked up and said the money must be paid now.  He drew his knife on the brother of deceased, who stepped back to pull off his coat.  Deceased then came up and told his brother to have no difficulty; that he would pay for the apples and stop the fuss.  The brother replied, there was nobody there to have a fuss with but that damned Zack Bird, (prisoner.)  Deceased, (who, according to one of the witnesses, had a stick in his hand, but there was no evidence of any demonstration with it, or attempt to use it,) said, damn Zack Bird, who is he? nobody cares anything for him.  Prisoner swore he would shoot some body's head off or have the apples back, or have pay for them, or something to that effect.  He drew a pistol from his pocket, and shot deceased in the temple, and of the wound deceased died next morning.

This was murder.  Argument could not make the matter plainer to any one who has read the Penal Code.

The charges of the court complained of, if erroneous at all,

are more favorable to the prisoner than they should have been. One of them lays down the rule applicable to the case, if the deceased or his brother procured a stick with which to resist prisoner; whereas, there is no evidence that either of them procured a stick on, or for, the occasion. The most that the evidence suggests is, that the deceased had a stick; but whether he did not bring it with him to the party, or when or where he got it, does not appear. There is no hint in the evidence that he attempted to use it. The rule stated by the court is correct, and would have been applicable if the evidence had shown the procurement of any stick. Again, the court charged upon the general nature of the assault requisite to reduce the offense to manslaughter, but there was no evidence of any assault. This, also, was, on that account, more favorable to the prisoner than he had a right to ask. He failed to show any provocation except by words alone. To instruct the jury to search the evidence for any other provocation, was an error full of tenderness to the prisoner. Under the influence of such a charge the jury might have made a mistake in his favor, but could not possibly have made any against him.

Let the judgment be affirmed.