## SULLIVAN *v.* PADROSA.

1. In civil as well as criminal cases jurors may be placed upon their voir dire
and examined as to their impartiality, but in such examination the ques-
tions should be limited to the partiality or impartiality of the jurors in
reference to the particular case and the parties thereto.
2. Where no general request is made that the jurors be examined as to their
partiality, but a party merely submits to the court three questions to

be propounded to each of the jurors, two of which questions are proper and one improper, a refusal to allow the questions to be propounded is not cause for a new trial.

3. The practice of making to opposing counsel, in the hearing of the jury, a proposition to submit the case without argument can not be too strongly condemned; but such conduct will not be cause for a new trial when opposing counsel accepts the proposition and invokes no ruling from the court as to the manner in which the proposition was submitted.

4. The evidence warranted the verdict.

Argued January 30, — Decided March 7, 1905.

Action for damages. Before Judge Gale. City court of Brunswick. July 19, 1904.

Sullivan, a negro, sued Padrosa and Jackson for damages on account of an assault and battery. Jackson was not served, and Padrosa alone answered, denying the material allegations of the petition so far as they concerned him. There was a verdict for the defendant, and the plaintiff excepted to the overruling of his motion for a new trial. Besides the general grounds, the motion for a new trial contains an assignment of error upon the refusal of the court to allow the plaintiff to test the competency of the jurors by asking them the following questions: "(1) Have you any prejudice or bias resting on your mind for or against the plaintiff in this case? (2) Is your mind perfectly impartial between the plaintiff and defendant in this case? (3) Are you conscious of any prejudice against the plaintiff on account of his race, to wit negro, that would affect your verdict in a suit against the defendant who is a white man?" Complaint is also made in the motion, because counsel for the defendant, after the evidence was closed, in open court, in the hearing of the jury, stated to the plaintiff's counsel: "We are willing to agree to submit the case to the jury without argument."

*Frank H. Harris*, for plaintiff.
*Kay, Bennet & Conyers*, for defendant.

COBB, J. 1, 2. Trial by jury necessarily means trial by an impartial jury. The constitution in terms declares that the jury in criminal cases shall be impartial. Civil Code, § 5702. Under the English practice, when the competency of a juror in a criminal case was challenged, the court placed the juror upon his voir dire, and propounded, or caused to be propounded to him, such questions as would demonstrate whether he was partial or impar-

tial in the particular case.   This was the practice in Georgia prior
to 1856.    In that year the act now embraced in the Penal Code,
§ 975, was passed, which provided that certain questions should
be asked in felony cases to determine a juror's competency in the
particular case.    The juror's competency can be generally deter-
mined by his answers to the statutory questions; but it has been
held that it is proper for the court to explain to the jury the full
intent and meaning of these questions, in order that the answers
by the juror may be intelligent; and while the settled rule seems
to be that neither the State nor the accused has a right to ask any
additional questions, the court may in its discretion properly ex-
plain to the juror the meaning of the statutory questions.   *Pines*
v. *State*, 21 *Ga.* 227 (2); *Dumas* v. *State*, 65 *Ga.* 471 (3); *Fog-
arty* v. *State*, 80 *Ga.* 450 (9); *Woolfolk* v. *State*, 85 *Ga.* 69 (9).
In misdemeanor and civil cases there is no statutory provision reg-
ulating the method to be adopted by the court in determining
the competency of the juror; but the settled rule is that either
party has a right to request that the jurors be put upon their voir
dire in order that their competency may be determined.   When
such request is made it is the duty of the court to propound, or
cause to be propounded, such questions as will test the compe-
tency of the jurors to pass upon the issues in the case.   The ques-
tions to be asked in each case are to be determined by the court,
and what shall be the character and number of the questions is
left largely to the discretion of the judge, who must keep in mind
all the time the object to be attained, that is the determination of
whether the minds of the jurors are in such a condition that they
can pass fairly and intelligently upon the issues to be submitted
to them.   See *Justices* v. *Plank Co.*, 15 *Ga.* 39, 41; *Howell* v.
*Howell*, 59 *Ga.* 145; *Holton* v. *Hendley*, 75 *Ga.* 847 (2); *Haney*
v. *Hightower Institute*, 113 *Ga.* 289, 293; Penal Code, § 855.
While counsel may suggest questions to be asked, they have no
right to insist that questions as framed by them shall be adopted
by the court.   In this case counsel did not ask that the jurors be
put upon their voir dire and each be interrogated as to his com-
petency, but merely requested that three questions as framed by
him should be submitted to each juror.   The court might with
propriety have adopted two of these questions, but the third was
not a proper question to be propounded to the jurors.   If the

jurors had been put upon their voir dire, of course it should have been explained to them what was the general character of the case, who were the parties, and then they should have been required to answer whether they stood impartial between these parties and their minds were free from bias or prejudice for or against either. The third question which counsel sought to ask did not seek to elicit information as to bias or prejudice against the negro plaintiff or in favor of the white defendant in the particular case, but it went into an inquiry as to whether the plaintiff was conscious of what is called the race prejudice of the white man against the negro. To allow such questions in regard to antipathies and prejudices which a particular juror might have growing out of the fact that he belonged to a different race from that of one of the parties or the peculiarities of life, habits, or thought of such parties, or other matters in which he was different from the ordinary juror, would lead to almost endless investigation in every case where a jury was sought to be empaneled. If a juror is conscious of the fact that his prejudice against the negro race is such that he can not get his consent, even when acting under the sanction of an oath, to do justice to the negro, he is an incompetent juror, and would be compelled, if an honest man, to answer in the negative the first two questions proposed to be propounded in this case. There being no general challenge of the jurors on the panel for partiality, but the request being simply that three questions submitted to the court should be propounded to the jurors, and one of them being improper, the judgment will not be reversed for a failure to comply with the request of counsel to submit such questions to the jury.

2. Complaint is made that counsel for the defendant after the evidence was closed, in open court in the hearing of the jury, made a proposition to submit the case to the jury without argument. Propositions to submit the case without argument, to have the jury inspect the premises, and others which relate to the conduct of the jury in the case, which parties have a right to accept or reject, should never be made in the hearing of the jury; and the practice of submitting such propositions in open court in the presence of the jury can not be too strongly condemned. But where no ruling of the court is invoked in reference to such matters, such conduct will not be a ground for

MARCH TERM, 1905. (122

reversing a judgment refusing a new trial.   See *O'Dell* v. *State*, 120 *Ga.* 152 (5).

4. The evidence amply warranted the verdict, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed.   All the Justices concur.*