### 3382. MARTIN v. DUNBAR.

RUSSELL, J. 1. The right of a jury to determine the truth of an issue in case of conflict in the testimony is not dependent upon or affected by the number of witnesses testifying on the one side or the other. In this case the verdict is supported by evidence which fully authorized the finding of the jury, and is approved by the trial judge.

2. The assignment that the court erred in misstating the contentions of the parties is not supported by the record. It appears in the record that counsel for both parties agreed in open court that the only real issues involved were as they were afterwards stated by the court in his charge; and therefore it was not error for the judge, in his instructions to the jury, to state the contentions of each party, as each admitted them to be, although the oral admission differed from the pleadings in the case; especially for the reason that while the statement of the court varied the amount contended for by each party in his pleadings, it did not affect the nature of the suit, or the defense, and therefore could not confuse the jury. Nor could the jury have been confused by the court's incorrectly stating the amount claimed by the plaintiff in his petition, because the court, in the same connection, referred the jury to the pleadings.

3. The error of the court in stating to the jury that they should determine a certain point "from the testimony of witnesses on the stand" (without referring at that time to the consideration of the jury certain testimony which had been submitted by interrogatories) was harmless, in view of the fact that the court, later on in the charge, called specific attention to the interrogatories, and told the jury it was their duty to consider that evidence along with other testimony in the case.

4. This court can not review the ruling of the lower court upon the admissibility of testimony, when it is not made to appear what objections to the testimony were urged in that court.

5. Assignments of error not referred to in the brief of counsel will be treated as abandoned.                    *Judgment affirmed.*

DECIDED JANUARY 15, 1912.

Complaint; from city court of Fitzgerald—Judge Wall. December 12, 1909.

*A. J. McDonald, Griffin & Griffin,* for plaintiff in error.

*Haygood & Cutts,* contra.