4001.   CARTER *et al. v.* THE STATE.

HILL, C. J.   1. To ask the counsel engaged in the trial of a criminal case, in the hearing of the jury, if they will consent to a separation of the jury pending the trial, is bad practice; its tendency being to deprive one or the other of the parties of the free exercise of his will or judgment on the subject. If, however, counsel for the State and counsel for the accused both consent to the separation, the latter will not be heard to move for a mistrial on the following morning, when the jury reassembles, on the ground that the request made by the judge before the jury was an improper coercion of counsel's will, and deprived him of the free exercise of his judgment, and prevented the accused from having a fair and impartial trial. *Sullivan* v. *Padrosa,* 122 *Ga.* 339 (50 S. E. 142) ; *O'Dell* v. *State,* 120 *Ga.* 152 (47 S. E. 577).

2. No material error of law appears in the conduct of the trial, though some of the excerpts from the charge of the court, to which exception is taken, are not entirely satisfactory. The case on the facts is very weak, but there is some slight evidence to sustain the verdict, and this court can not interfere.                    *Judgment affirmed.*

DECIDED APRIL 2, 1912.

Accusation of assault and battery; from city court of Millen— Judge Milton. January 17, 1912.

*James R. Thomas,* for plaintiffs in error.

*S. F. Memory, solicitor,* contra.