28620. ADAMS *v.* THE STATE.

Decided February 3, 1941.   Rehearing denied March 5, 1941.

*Dan S. Beeland, Homer Beeland,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

Gardner, J. The defendant was convicted of the offense of cheating and swindling. The allegations of the indictment were substantially as follows: The defendant, knowingly and falsely and for the purpose of defrauding, represented that he was purchasing certain sawmill machinery from an estate, and needed funds to pay on the purchase-price. The prosecutor, believing the statements to be true and relying thereon, advanced $190, which he lost by reason of the representation of the defendant being untrue. The evidence for the State showed that the defendant placed the machinery in question on property of the prosecutor, and began sawing timber into lumber under a contract between them. During the term of the contract the defendant made the representation above referred to, particularizing to the effect that he was purchasing the machinery from the Neisler estate. In addition to the payment of the price for lumber sawed, the prosecutor advanced to the defendant $140 to pay on the purchase-price of machinery,

and at a subsequent date an additional $50 above the amount owing for timber-cutting, for the same purpose. At the expiration of the contract for timber-cutting, the prosecutor discovered that the defendant was not purchasing the machinery as represented, but that his brothers had purchased the same, and that no part of the $190 thus advanced to the defendant had been applied on the payment for the machinery to the manager of the Neisler estate. The prosecutor then sued out an attachment against the defendant, which was levied on the machinery in question; whereupon the brothers of the defendant filed a claim for the machinery and subjected it to the process. The prosecutor suffered a loss of $190. The defendant denied that he had made any such representation to the prosecutor with reference to the machinery, and stated that he had obtained no sum from the prosecutor other than in payment for lumber cut under the contract. This made a clear-cut issue as to the facts. The jury resolved the issue against the defendant, and this court is without authority to disturb the finding. This disposes of the assignments of error on the general grounds.

We come next to investigate as to whether the assignments of error in special grounds 1 and 2 are sufficient to demand a reversal. The defendant complains of the charge of the court, as follows: "The law gives the defendant the right to make to the court and the jury just such statement in his own behalf as he deems proper, and that statement shall not be under oath. Availing himself of this right under our statute, this defendant has made a statement, and you are to give to that statement such weight and credit as you see proper and right to give to it. You may believe it or disbelieve it. You may believe it in whole or in part. You may believe it in preference to the sworn testimony in the case." The law with reference to the defendant's statement is set out in the Code, § 38-415, and provides: "In all criminal trials the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case." The defendant contends that the charge of the court circumscribed the jury to the consideration of the evidence as a whole, and barred the jury from considering a

part of the testimony and a part of the statement. We are unable to conceive how the jury could have been misled. If anything, the charge was more liberal to the defendant than the statute requires. There is no merit in this contention.

The second ground assigns error on the following charge: "Gentlemen, you are required to take the law as given you by the court and apply this to the facts in the case, as you find them to be. The law you get from the court and the facts you get from the witnesses and the defendant's statement, and to the one you apply the other and make your findings as to the truth of the case." It is complained that the vice of such a charge is to exclude from the consideration of the jury the documentary evidence in this case in the form of certain checks which were introduced, evidencing payments from the prosecutor to the defendant during the period of operation under the contract of timber cutting between them. There is no question that this assignment of error is well founded as a principle of law. See *McLean* v. *Clark,* 47 *Ga.* 24 (12) ; *Bowden* v. *Achor,* 95 *Ga.* 243 (11) (22 S. E. 254) ; *Myers* v. *State,* 97 *Ga.* 76 (11) (25 S. E. 252) ; *Blandon* v. *State,* 6 *Ga. App.* 782 (65 S. E. 842). This being error, we are confronted with the proposition whether or not, under all the facts of the case before us, the charge was harmful to the defendant. The appellate courts of this State have held that even though a charge is erroneous, if it is not harmful under the facts of the particular case under consideration, or if it is beneficial to the complaining party, it is not ground for reversal. *Martin* v. *Dunbar,* 10 *Ga. App.* 287 (3) (73 S. E. 596) ; *McCoy* v. *State,* 15 *Ga.* 205 (2) ; *Bird* v. *State,* 55 *Ga.* 317, 319; *Dill* v. *State,* 106 *Ga.* 683 (4) (32 S. E. 660) ; *Hoxie* v. *State,* 114 *Ga.* 19 (5) (39 S. E. 944) : *Allams* v. *State,* 123 *Ga.* 500 (3) (51 S. E. 506). We have studied the evidence in this case carefully, with a view of ascertaining whether this erroneous charge did violence to the defendant's cause, and have reached the conclusion that the charge, while erroneous under the facts of the case, worked no such harm as would demand a reversal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GARDNER, J. The defendant contends that he did not represent the property to be his own, and that the prosecutor paid him

442

nothing to apply on the purchase-price. The principle announced as to the harmless error regarding the checks applies therefore to the attachment proceeding sued out by the prosecutor, with equal if not greater force.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*