## 29397. GARNER v. THE STATE.

DECIDED MAY 30, 1942.  REHEARING DENIED JULY 31, 1942.

W. R. Bentley, for plaintiff in error.

Bond Almand, solicitor, John A. Boykin, solicitor-general, Durwood T. Pye, contra.

MacINTYRE, J.  Only the ground designated (a) of the petition for certiorari will be here discussed.  The error assigned in that ground is that "the court refused to allow counsel for the plaintiff in error to qualify the jury by asking the individual members thereof certain questions hereinafter referred to."

The defendant was convicted of the charge of lottery, a misdemeanor.  The judge allowed the defendant's counsel to propound to all the jurors the question, "Have any of you contributed any money towards any funds that have been used in the prosecution of the lottery investigation in Fulton County—funds or anything of value towards that prosecution?"  All the jurors answered, "No."  Two jurors were asked the question, "From having read the newspapers in the City of Atlanta and elsewhere, including editorials and pieces that appeared on the front page of the newspaper, have you formed or expressed an opinion as to the operation of the lottery in Fulton County, Georgia?"  The court did not require the jurors to answer this question.  Another question that

774

the court did not require the jurors to answer was, "Have you
served on any grand jury in the last twelve months in Fulton
County wherein said grand jury investigated the lottery activi-
ties in Fulton County—made a general investigation of it?" Also,
while the jurors were being qualified, the following occurred: Mr.
Bentley, attorney for the defendant, questioned W. Stanton Hale,
a juror, and Mr. Hale answered as follows: Q. "How many terms
since you were on the Fulton County jury?" A. "January and
February terms of this year." Q. "Did they investigate the lot-
tery activities at that time?" A. "No sir, but I was on it a term
two years ago when they did." Q. "Did they have a general in-
vestigation of it then by the solicitor's office?" A. "There was
a thorough investigation by the previous grand jury; it was what
you'd call a general investigation." Q. "Were any facts brought
in that were brought over from the previous grand jury?" The
court: "I will not require him to answer that." Mr. Golightly:
"It would be revealing the grand jury secrets and he is not com-
pellable to answer." Mr. Bentley: "It would not. I can ask him
anything that happened in that room and he has to tell me." The
indictment in the instant case was found at the April term, 1941,
and the trial was held in May, 1941. There are six terms of the
superior court in Fulton County, and each has a grand jury.

"If for any reason the impartiality of any one or more of the
jurors whose names appear on the panel is suspected, the proper
method of determining the state of feeling of such juror or jurors
is by a challenge to the polls, and when thus challenged they may
be put on their voir dire. And this is the rule not only in the trial
of criminal cases where the charge amounts to a felony, but in the
trial of misdemeanors as well." *Thompson* v. *State,* 109 *Ga.* 272
(2) (34 S. E. 579); *Wells* v. *State,* 102 *Ga.* 658 (29 S. E. 442).
A challenge to the poll only invokes the right to ask the juror the
questions prescribed in Code § 59-806, that is, the voir-dire ques-
tions. *Jones* v. *State,* 90 *Ga.* 616, 625 (16 S. E. 380). If the juror
is put upon the court as a trior, the examination may be extended;
and when thus extended, "The questions to be asked in each case
are to be determined by the court, and what shall be the character
and number of the questions is left largely to the discretion of the
judge, who must keep in mind all the time the object to be attained,
that is the determination of whether the minds of the jurors are

in such a condition that they can pass fairly and intelligently upon the issues to be submitted to them." *Sullivan* v. *Padrosa,* 122 *Ga.* 338, 340 (50 S. E. 142). See also *Jones* v. *State,* supra. The judge did not err in that he abused his discretion when he refused to allow the jurors to answer the questions propounded by the defendant's counsel. The overruling of the certiorari was not error.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*