BUTTERSWORTH *v.* THE STATE.

14

No. 15278.   November 15, 1945.

18

W. C. Brinson and E. L. Rowland, for plaintiff in error.

J. Eugene Cook, Attorney-General, W. W. Larsen, Solicitor-General, J. A. Merritt, J. Roy Rowland, and N. J. Smith, Assistant Attorney-General, contra.

CANDLER, Justice. ■ It is a right of a defendant being tried for murder to have the jury kept together while hearing and considering his case, Berry v. State, 10 Ga. 511, but he may waive such right. Code, § 102-106; Sarah v. State, 28 Ga. 576; 23 C. J. S., Criminal Law, 1014, 1064, §§ 1355, 1387. In the early case of Mitchell v. State, 41 Ga. 527, 535, this court said: "In the matter of the court asking the prisoner's counsel if they would consent to a separation in the presence of the jury, we can realize the injustice in the manner of the request, but considering the law as laid down by this court, 10 Georgia 511, we do not think, no matter how much we may feel disinclined to sanction the practice, that it is an error of law upon the part of the judge to make the inquiry, or if consented to and there is no charge of unjust interference with the jury, that the act constitutes a ground for a new trial." During the trial of the instant case but before it was submitted to the jury, and at a private conference between the trial judge, the solicitor-general, and all the attorneys for the defendant, it was agreed that the jury might be dispersed for the night under instructions of the court, which were given. The defendant, having made such an agreement through his counsel, will not be heard to complain for the first time after the verdict, and on his motion for new trial, that the consent for the jury to disperse was given because the judge, at such conference, stated, "If you are not willing for me to disperse the jury, I will complete the trial tonight." Carter v. State, 10 Ga. App. 851 (74 S. E. 440); Sullivan v. Padrosa, 122 Ga. 338 (3) (50 S. E. 142); O'Dell v. State, 120 Ga. 152 (47 S. E. 577). Except for the consent by the defendant through his counsel, the jury could not have been legally dispersed, but the statement of the judge that he would

complete the case that night unless a dispersal was. agreed upon did not amount to such duress as would relieve the defendant from the consent given. The record does not show that counsel gave any reason at the time why they did not wish to consent, or that the statement of the judge was considered in any way detrimental to the defendant's case. In view of the foregoing, it was not error to overrule this ground of the motion for new trial.

■ Error is assigned also upon the following instruction to the jury: "You take the law as given you in charge by the court, the evidence from the sworn facts in the case, and the defendant's statement, and from the law so given and the facts thus ascertained, you as honest, conscientious, fearless, and impartial jurors, ascertain the truth of this case and let your verdict honestly and courageously speak it." Technically, that portion of the charge was an inaccurate statement, but when considered in connection with the further and later statement of the court, "Now, gentlemen of the jury, you take this case and apply the rules of law to all of the facts and circumstances of this case, including the defendant's statement," we do not see how the jury could have been misled by the particular expression of which complaint is made. Standing alone, the excerpt would be subject to the attack made, but when aided by the further charge becomes no longer amenable to criticism. A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, but when put together and considered as a whole may be perfectly sound. *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 13). And see *Jones* v. *McElroy,* 134 *Ga.* 857 (68 S. E. 729, 137 Am. St. R. 276) ; *Martin* v. *Hale,* 136 *Ga.* 228 (71 S. E. 133) ; *Fowler* v. *State,* 187 *Ga.* 409 (1 S. E. 2d, 18) ; *Martin* v. *Dunbar,* 10 *Ga. App.* 287 (73 S. E. 596). In his assignment of error the accused contends that such a charge had the effect of submitting for the jury's consideration only the sworn facts, and excluded any consideration of the exhibits (the four pictures and two shotguns), and had the effect of withdrawing from the consideration of the jury the oral testimony of his witnesses, Dewey F. Hall and J. G. Foskey, concerning the pictures and the guns. We are wholly unable to find any logical inference that the charge complained of had such an effect, and it took the oral testimony of these witnesses to make the exhibits of any value to the jury

in their consideration of the case. A picture unexplained and a shotgun not connected by oral testimony with the homicide doubtless would be but little, if any, help to the jury in its determination of the issue involved. The only possible theory of the complaint by the accused as to the charge is, that the exhibits, some of which were explained and identified by his witnesses, were excluded by the language of the trial judge. There is nothing in the record to suggest that the pictures and guns introduced were not before the jury when it considered the case, and this court has the right to presume that they were. Whatever benefit, if any, the accused would have derived from the exhibits, he received by having his witnesses, Hall and Foskey, by the use of the pictures before the jury, explain the premises where the homicide occurred and the respective locations of the parties, and by having the witnesses identify the gun of the deceased and its location near his body when they arrived at the scene of the killing. This case is different on its facts from that of *Sikes* v. *DeLoach,* 166 *Ga.* 887 (144 S. E. 655), cited by counsel for the plaintiff in error, where the judge in his charge made a statement somewhat similar to the one in this case. In that case there was a claim for land, and on the trial certain documents were introduced which furnished material evidence on the controlling issues in the case; and nowhere in his charge did the court instruct the jury to consider the case from all the facts and circumstances, as was done in the present case. The instruction complained of was not erroneous for the reasons stated.

■ A motion for new trial based upon the ground of newly discovered evidence is addressed very largely to the sound discretion of the trial judge, and his action will not be controlled by this court unless it is abused. Code, § 70-204; *Hall* v. *State,* 141 *Ga.* 7 (80 S. E. 307). In passing on such a motion, there are a number of things which the judge may consider, among which are: (1) The degree of diligence used by the movant and his counsel to discover, before the trial, the alleged new evidence; (2) whether the evidence is solely for the purpose of impeachment; and (3) the probability that the alleged new evidence will produce a different verdict if the case is tried again. *Burge* v. *State,* 133 *Ga.* 431, 432 (66 S. E. 243). By the exercise of any degree of diligence the accused or his counsel should have discovered before his

trial the testimony of his sister-in-law, Mrs. Junior Souls. He knew that she was present at the time of the killing. She was subpœnaed as a witness for him at the commitment trial of his case. She was present in the courtroom during the trial, and sat with her husband, a half brother of the defendant, and evidently from his testimony, Junior Souls was very sympathetic with the accused. The testimony given by Mrs. Souls on the counter-showing strongly demonstrates the lack of any degree of diligence on the part of the defendant to have the benefit of her evidence on his trial if he in fact wanted it. The testimony of the new witness, Lyman Curl, to the effect that he was with the deceased at Scott, Georgia, just a few days prior to the homicide, when he purchased some shotgun shells from Mr. Pryor, would have but little if any probative value except for impeachment, and hence presents no reason requiring a new trial. In view of the overwhelming evidence given by the eyewitnesses in this case against the accused, we think that the trial judge could very properly have concluded that the uncommunicated threat testified to by the new witness, Bud Hudson, would not likely produce a different verdict, should a new trial be granted. It follows from what has been said that this court must hold that the trial judge did not abuse his discretion in refusing a new trial on this ground of the amended motion.

■ The evidence was amply sufficient to support the verdict, and no error appears upon the general grounds. The trial court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur, except Head, J., disqualified.*