## 27526. FOSTER v. THE STATE.

HAWES, Justice. Willie James Foster was convicted of three counts of robbery in the Superior Court of Fulton County and sentenced to life imprisonment in the penitentiary on each count. His motion for a new trial was overruled and he appeals.

1. The transcript shows that on the trial of the case the accused was represented by able counsel who actively participated in the conduct of the trial, cross-examined witnesses, interposed numerous objections to evidence, argued in support of the same, and otherwise vigorously defended the accused of the charges for which he was on trial. No contention is made in this appeal that the accused did not have adequate representation. On this appeal he is represented by counsel who did not represent him on the trial of the case. In the special grounds of his motion for a new trial, appellant made, for the first time, two contentions: one, that "plain error was committed

when the district attorney referred to the appellate court in the presence of the jury"; and, two, that "plain error was committed when lineups were conducted and the defendant was identified without counsel for the defendant being present, and without the defendant being advised of his right to counsel." As to the alleged improper reference to the Supreme Court, no objection, motion to strike or motion for a mistrial was made during the trial. The second contention is addressed to the admissibility of in-court testimony identifying the accused as the perpetrator of the crimes on the ground that it was tainted by an alleged illegal lineup. A careful examination of the transcript shows that no objection to the testimony of any of the witnesses who identified the accused was ever made during the trial on this ground. "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Moore v. State,* 222 Ga. 748, 755 (152 SE2d 570) and cits.

Furthermore, the record fails to show as a positive fact that the lineups were in fact illegal, that is, that they were conducted after the accused had been formally charged. Also, it is apparent from a careful reading of the testimony of the witnesses whose identification of the accused is complained of that they identified the accused upon the trial of the case based upon their viewing him during the perpetration of the robberies involved, and that their testimony as to identity was not influenced by any suggestion imposed upon their minds at the identification lineup. These two grounds show no cause for the grant of a new trial.

2. The evidence as to each of the robberies with which the accused was charged amply supported the verdict of "guilty." Witnesses identified the accused as the robber who, on two of the occasions in question, robbed filling station attendants at knife point by placing a

"hawk-bill" knife at the throat of the attendants and threatening them with death unless they delivered the money, and on the third occasion, perpetrated the robbery of another filling station attendant by the use of a gun. The trial court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 11, 1972—DECIDED FEBRUARY 22, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Dorothy T. Beasley, Assistant Attorneys General,* for appellee.