## 29991. HENDERSON v. THE STATE.

JORDAN, Justice.

Aubrey Henderson, Jr., was convicted of murder, sentenced to life imprisonment and appeals.

The evidence adduced at the trial shows that on the afternoon of March 31, 1974, David Henderson and three other young men purchased a starter for David's automobile, and drove to the home of the deceased, Willie Haynes. Willie granted David permission to park his automobile in the deceased's driveway while the starter was being installed. While David began preparing his automobile for the installation, Willie Haynes appeared from his house wearing a holster containing a .22 caliber pistol. David leaned over to lift the starter from the ground, and as he rose he was struck in the left shoulder by a bullet from Willie Haynes' pistol. David fell face down beside his automobile. David testified that Willie rushed to his side, but did not realize David had been shot until he saw the blood. Willie went into the house apparently to remove his holster and pistol and returned to the scene.

Glen Matthews, one of the men at the scene, testified that he ran down to David's father's house to tell him of the incident. Matthews ran up to David's father yelling "David done got shot. Boobie (Willie Haynes) was playing around with a pistol." Appellant Aubrey Henderson, Jr., was present outside his father's house. Appellant testified that he heard Matthews and asked him who had been shot, and received the reply "your brother, David." However, appellant testified that he did not hear Matthew's statement that Willie had only been playing around with the pistol. Appellant proceeded around the back of his father's house, and secured a .16 gauge short barrel shotgun and one shell from the basement of the house.

Approximately 5 to 10 minutes after the shooting of David, appellant arrived on the scene. David was still lying face down on the ground. Without inquiring as to his brother's condition, appellant confronted Willie Haynes and testified that he asked him why he had shot his brother, and that Haynes replied, "Do you want to join

him?" David testified that he did not hear Haynes make that reply. Appellant further testified that Haynes was standing at an angle so that he could not tell that Haynes was not armed. Appellant stated that he thought Haynes was armed and as Haynes said, "Do want to join him," Haynes turned. At this point appellant shot Haynes with the .16 gauge shotgun. David testified that it was 3 to 4 minutes between the time appellant arrived at the scene and the fatal shooting. Haynes walked around to the side of his house and died. After the shot, David stood up and walked toward his house. Appellant ran and discarded the shotgun which was never found. Appellant later returned to the scene and confessed the shooting to the police.

Appellant testified that on the morning of the shooting he and several people including Willie Haynes were at a friend's house drinking liquor. At this time Haynes was wearing the pistol, and confronted appellant asking him to "draw." Appellant refused, leaving with a friend. Appellant continued to drink liquor until around noon when he returned home to rest until around 4:00 or 4:30 p.m. The shooting occurred around 5:00 p.m.

Appellant testified on cross examination that he was not out of his mind when he shot, but to the contrary knew what he was doing. He further stated that he was not ". . . all riled at him (Willie Haynes) because he'd shot David."

1. Appellant would have this court overrule the trial court's denial of his motion for a new trial on the ground that several juries in the past have returned verdicts of voluntary manslaughter in cases with facts similar or less convincing than those present here. However, this is not the standard by which this court must decide the propriety of the motion on general grounds. The test is whether or not there is some evidence to support the jury's verdict, not whether previous cases with similar facts were decided differently than the case at hand. Although there may be evidence which could support a finding of provocation in this case, where there is some evidence to support the jury's verdict, the decision of the trial court denying a motion for new trial on general grounds must be affirmed.

A review of the evidence shows that the only controverted fact is whether or not appellant was acting in

self-defense or acting under provocation when he shot Haynes. The evidence shows that the deceased was not armed when he was shot, and the evidence is conflicting as to whether or not the deceased made any threats to the appellant. The evidence will amply support a conclusion that appellant had no reason to fear for his life. Furthermore, the evidence shows that there was ample time between appellant's arming himself and his confrontation with the deceased to allow cooler heads to prevail. The verdict is authorized by the evidence.

2. At the close of the state's case the district attorney made the following statement in the presence of the jury: "Your Honor, at this time the State would rest but it would also like to put in for the record that after having reviewed the statutory law in regard to the death penalty and the circumstances of this case, the State at this time would waive the death penalty. We would rest."

The appellant contends that the statement is contrary to the intent of the Georgia Legislature as expressed in Code Ann. § 27-2206, which provides in part: "No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted, may not be required to suffer the full penalty imposed by the court or jury, because pardon, parole, or clemency of any nature may be granted by the Governor, State Board of Pardons and Paroles, or other proper authority vested with the right to grant clemency."

This court in *McGruder v. State,* 213 Ga. 259 (98 SE2d 564) interpreted Code Ann. § 27-2206 to apply to those statements concerning clemency by the State Board of Pardons and Paroles or other executive officers. The statute, therefore, has no application to the facts of this case.

Furthermore, at no time during the trial did the appellant object to the statement or request the court to give instructions to the jury or declare a mistrial. *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Moore v. State,* 222 Ga. 748 (152 SE2d 570); *Foster v. State,* 230 Ga. 186 (195 SE2d 902).

*Judgment affirmed. All the Justices concur.*

Submitted June 4, 1975 —Decided September 3, 1975.

*Brooks S. Franklin,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Assistant District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.